# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

WILLIE DAVIS, # K-79589,            )
                                    )
                    Plaintiff,      )
                                    )
vs.                                 )        Case No. 15-cv-00055-JPG
                                    )
VENERIO SANTOS,                     )
LOUIS SHICKER,                      )
and WARDEN OF CENTRALIA             )
CORRECTIONAL CENTER,                )
                                    )
                    Defendants.     )

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Willie Davis, an inmate who is currently incarcerated at Centralia Correctional Center ("Centralia"), brings this civil rights action pursuant to 42 U.S.C. § 1983 against Centralia's warden[1] (Defendant Warden), Centralia's physician (Defendant Santos), and the Illinois Department of Corrections' ("IDOC") medical director (Defendant Shicker). According to the complaint, Plaintiff has been denied adequate medical care for avascular femoral neurosis, in violation of the Eighth Amendment and Illinois negligence law. He now sues Defendants Santos and Shicker, in their individual capacities, for monetary damages (Doc. 1, p. 5). He sues Defendant Warden, in his official capacity, for injunctive relief that includes a temporary restraining order and/or a preliminary injunction (Doc. 1, pp. 5, 7).

## Merits Review Under 28 U.S.C. § 1915A

This case is now before the Court for preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to promptly screen prisoner

---

[1] The complaint does not identify Centralia's warden with specificity. Therefore, the Court will refer to this party generically as "Defendant Warden" throughout this Order.

complaints to filter out nonmeritorious claims.  28 U.S.C. § 1915A(a).  The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.  28 U.S.C. § 1915A(b).  When reviewing the allegations in light of this standard, the Court finds that the complaint survives preliminary review.

## **The Complaint**

According to the complaint, Plaintiff suffers from avascular femoral neurosis, a medical condition that allegedly causes excruciating pain in the hips and can necessitate hip replacement surgery (Doc. 1, p. 5).  If left untreated, the condition causes permanent injury and disfigurement.  Plaintiff's condition was diagnosed by Dr. Garcia,[2] a relief physician at Centralia, in 2013.  At the time of his diagnosis, Plaintiff had suffered from symptomatic pain for more than three years.

Plaintiff transferred to Centralia in August 2009.  When he arrived, Defendant Santos discontinued his prescription pain medication, Ultram.  In 2010, Plaintiff repeatedly visited Centralia's health care unit ("HCU"), complaining "constantly" of hip pain.  He was given Ibuprofen.

In 2011 and 2012, Plaintiff asked Defendant Santos to take an x-ray of his hip(s). Plaintiff explained that the pain was becoming worse.  Defendant Santos denied the request.

In 2013, Dr. Garcia finally took an x-ray of Plaintiff's hip.  The x-ray resulted in Plaintiff's diagnosis with avascular femoral neurosis.  Plaintiff was referred to an outside orthopedist, who recommended a total hip replacement.  Defendant Shicker repeatedly denied Plaintiff's requests for hip replacement surgery and a medical transfer to Dixon Correctional

---

[2] Plaintiff has not named Dr. Garcia as a defendant in this action.

Center ("Dixon") (Doc. 1, p. 6).   Defendant Santos, as well as Plaintiff's other medical providers, deferred to the judgment of Defendant Shicker on the treatment decisions.

Instead of surgery, Plaintiff was prescribed highly addictive pain medications for two years[3] (Doc. 1, p. 6).   The pain medications proved to be ineffective in controlling his pain. Plaintiff is now addicted to them.

During the course of his confinement at Centralia, Plaintiff has lost the ability to walk long distances.   His right and left hips have fused together, causing disfigurement.   He requires a walker or a cane to walk.   This ordeal has caused him to suffer from prolonged, unbearable pain. Plaintiff claims that he needs immediate hip replacement surgery, or he may suffer from permanent paralysis.

Plaintiff sues Defendants Santos and Shicker, in their individual capacities, for violating his Eighth Amendment rights and Illinois negligence law (Doc. 1, p. 5).   He seeks an award of monetary damages against them.   Plaintiff also sues Defendant Warden, in his official capacity, for a temporary restraining order and preliminary and permanent injunctive relief.

### Discussion

### Count 1 – Eighth Amendment Claim

Plaintiff shall be allowed to proceed with his Eighth Amendment deliberate indifference to medical needs claim (**Count 1**) against Defendants Santos, Shicker, and Warden. The Eighth Amendment to the United States Constitution protects prisoners from cruel and unusual punishment.   *See Berry v. Peterman*, 604 F.3d 435 (7th Cir. 2010).   The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment.    *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2006) (*per curiam*).   To state a claim, a prisoner must

---

[3] These medications include, but are not limited to, Fosamax, Morphine, and Norco (Doc. 1, p. 6).

show that the: (1) medical condition was objectively serious; and (2) state officials acted with deliberate indifference to the prisoner's health or safety, which is a subjective standard. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001).

The Seventh Circuit has held that a medical need is "serious" where it has either "been diagnosed by a physician as mandating treatment" or where the need is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997).  When the failure to treat a condition could "result in further significant injury or the unnecessary and wanton infliction of pain," the condition is sufficiently "serious" to support an Eighth Amendment claim. *Id.*  Plaintiff's avascular femoral neurosis, hip pain, and related drug addiction satisfy the objective standard for an Eighth Amendment medical needs claim at this early stage.

Further, the complaint suggests that Defendants Santos and Shicker responded to Plaintiff's requests for medical care with deliberate indifference.  Deliberate indifference is established when prison officials "know of and disregard an excessive risk to inmate health" by being "'aware of facts from which the inference could be drawn that a substantial risk of serious harm exists'" and "'draw[ing] the inference.'"  *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (quoting *Farmer*, 511 U.S. at 834).  At this early stage, the complaint suggests that both of these defendants knew of and disregarded the excessive risk of injury to Plaintiff when they denied his requests for treatment.  Accordingly, Plaintiff shall be allowed to proceed with **Count 1** against Defendants Santos and Shicker in their individual capacities, based on their direct personal involvement in this alleged constitutional violation.  Plaintiff shall

4

also be allowed to proceed with **Count 1** against Defendant Warden, in his official capacity, based solely on Plaintiff's request for injunctive relief.[4]

**Count 2 – Illinois Medical Malpractice Claim**

Plaintiff also alleges that Defendants Santos and Shicker were negligent in their treatment of his avascular femoral neurosis and related pain.  This medical malpractice claim (**Count 2**) arises under Illinois state law.  Where a district court has original jurisdiction over a civil action such as a Section 1983 claim, it also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a), so long as the state claims "derive from a common nucleus of operative fact" with the original federal claims.  *Wisconsin v. Ho-Chunk Nation,* 512 F.3d 921, 936 (7th Cir. 2008).  "A loose factual connection is generally sufficient."  *Houskins v. Sheahan*, 549 F.3d 480, 495 (7th Cir. 2008) (citing *Baer v. First Options of Chicago, Inc.,* 72 F.3d 1294, 1299 (7th Cir. 1995)).  With this in mind, the Court will consider Plaintiff's state law claim.

A defendant can never be held liable under Section 1983 for negligence, or even gross negligence.  *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Zarnes v. Rhodes*, 64 F.3d 285, 290 (7th Cir. 1995); *Gomez v. Randle*, 680 F.3d 859, 864 (7th Cir. 2012).  As the Seventh Circuit has made clear, "medical malpractice in the form of an incorrect diagnosis or improper treatment does not state an Eighth Amendment claim."  *Gutierrez v. Peters*, 111 F.3d 1364, 1374 (7th Cir. 1997).  *See also Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996) ("Mere negligence or even gross negligence does not constitute deliberate indifference.").

However, the Court has jurisdiction to consider whether a negligence claim has been stated under Illinois state law pursuant to 28 U.S.C. § 1367.  Under Illinois law, a plaintiff "[i]n any action, whether in tort, contract or otherwise, in which the plaintiff seeks damages for

---

[4] The complaint explicitly states that Plaintiff is suing Defendant Warden, in his official capacity only, for injunctive relief.  No individual capacity claim against this defendant is suggested by the allegations in the complaint.

injuries or death by reason of medical, hospital, or other healing art malpractice," must file an affidavit along with the complaint, declaring one of the following: (1) that the affiant has consulted and reviewed the facts of the case with a qualified health professional who has reviewed the claim and made a written report that the claim is reasonable and meritorious (and the written report must be attached to the affidavit); (2) that the affiant was unable to obtain such a consultation before the expiration of the statute of limitations, and affiant has not previously voluntarily dismissed an action based on the same claim (and in this case, the required written report shall be filed within 90 days after the filing of the complaint); or (3) that the plaintiff has made a request for records but the respondent has not complied within 60 days of receipt of the request (and in this case the written report shall be filed within 90 days of receipt of the records).  *See* 735 ILL. COMP. STAT. §5/2-622(a) (West 2013).[5]  A separate affidavit and report shall be filed as to each defendant, which in this case would be Defendants Santos and Shicker.  *See* 735 ILL. COMP. STAT. § 5/2-622(b).

Failure to file the required certificate/affidavit is grounds for dismissal of the claim. *See* 735 ILL. COMP. STAT. § 5/2-622(g); *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000). However, whether such dismissal should be with or without prejudice is up to the sound discretion of the court.  *Sherrod*, 223 F.3d at 614.  "Illinois courts have held that when a plaintiff fails to attach a certificate and report, then 'a sound exercise of discretion mandates that [the plaintiff] be at least afforded an opportunity to amend [the] complaint to comply with section 2-

---

[5] The August 25, 2005, amendments to a prior version of this statute were held to be unconstitutional in 2010.  *Lebron v. Gottlieb Mem. Hosp.*, 930 N.E.2d 895 (Ill. 2010) (Holding P.A. 94-677 to be unconstitutional in its entirety).  After *Lebron*, the previous version of the statute continued in effect. *See Hahn v. Walsh*, 686 F. Supp. 2d 829, 832 n.1 (C.D. Ill. 2010).  The Illinois legislature re-enacted and amended 735 ILL. COMP. STAT. §5/2-622 effective January 18, 2013 (P.A. 97-1145), to remove any question as to the validity of this section.  *See* notes on Validity of 735 ILL. COMP. STAT. § 5/2-622 (West 2013).

622 before [the] action is dismissed with prejudice.'"   *Id.*; *see also Chapman v. Chandra*, Case No. 06-cv-651-MJR, 2007 WL 1655799, at *4-5 (S.D. Ill. June 5, 2007).

In the instant case, Plaintiff has failed to file the necessary affidavit/certificate and report as it pertains to Defendants Santos and/or Shicker.  Therefore, the claim in **Count 2** shall be dismissed.  However, the dismissal shall be without prejudice at this time, and Plaintiff shall be allowed 35 days (**on or before March 2, 2015**) to file the required affidavit.  Should Plaintiff fail to timely file the required affidavits, the dismissal of **Count 2** shall become a dismissal with prejudice.  *See* FED. R. CIV. P. 41(b).

### Relief Requested

The Court deems it necessary, at this early stage, to address Plaintiff's request for a temporary restraining order ("TRO") and/or a preliminary injunction in his "Request for Relief" (Doc. 1, p. 7).  Plaintiff seeks an order "compelling [Defendant] Warden to have Plaintiff sent to an outside hospital for a complete hip replacement without further delay" (Doc. 1, p. 7).  Plaintiff cites Federal Rule of Civil Procedure 65 in support of this request for relief, but he neglected to file a separate motion pursuant to Rule 65 that sets forth allegations in support of his request for immediate relief.

There are significant differences between a TRO and a preliminary injunction.  A TRO can be issued without notice to the party to be enjoined, but it may last no more than fourteen days.  FED. R. CIV. P. 65(b)(2).  Further, a TRO may issue without notice only if "specific facts in an affidavit or a verified complaint clearly show that immediate or irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."  FED. R. CIV. P. 65(b)(1)(A).  Such injunctive relief is warranted "to prevent a substantial risk of serious injury from ripening into actual harm."  *Farmer v. Brennan*, 511 U.S. 825, 845 (1994).

The Court deems it necessary to deny Plaintiff's request for a TRO at this time.  It would not be appropriate, given the information presented, to enter an order for immediate surgery, without providing notice to Defendants and giving them an opportunity to respond.  The exhibits offered in support of Plaintiff's complaint suggest that Defendants should be offered the opportunity to weigh in on this issue.  The response to one of Plaintiff's grievances, dated May 5, 2014, states: "Offender was sent to specialist & it was determined [that] offender is compromised w/ other health issues [. . . and] surgery regarding his hip would be too high risk" (Doc. 1, p. 12).  Medical records filed along with the complaint reveal that one of these other issues is sickle cell anemia (Doc. 1, pp. 13-14).  It appears that Plaintiff was placed on an alternative treatment plan, including a two-year course of medication, because surgery was contraindicated.  Given these exhibits, the Court is concerned that entering such an Order might cause Plaintiff *more* harm, rather than save him from irreparable harm.  Further, given the long and steady progression of the medical condition, the complaint does not suggest that a relatively minor delay associated with Defendants' response would significantly impact Plaintiff's current medical condition or the prognosis.  Accordingly, the **TRO** is **DENIED without prejudice** to Plaintiff renewing this request, should it become necessary to do so.

But Plaintiff also seeks a preliminary injunction.  In contrast to a TRO, a preliminary injunction is issued only after the adverse party is given notice and an opportunity to oppose the motion.  FED. R. CIV. P. 65(a)(1).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted).  *See also Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013);

*Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007); *Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir. 1999).

Upon review of the complaint, the Court finds that Plaintiff's request for preliminary injunctive relief warrants prompt consideration.  Accordingly, the clerk shall be directed to add Plaintiff's motion for preliminary injunction as a separate docket entry. Further, Plaintiff's request for a **PRELIMINARY INJUNCTION** is **REFERRED** pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c) to a **United States Magistrate Judge**, who shall resolve the request as soon as practicable and issue a report and recommendation. If it becomes apparent that further action is necessary, the undersigned Judge should be notified immediately.  Any motions filed after the date of this Order that relate to this request for injunctive relief or seek leave to amend the complaint are also hereby **REFERRED** to a **United States Magistrate Judge**.

### Pending Motions

Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) shall be addressed in a separate Order of this Court.

Plaintiff's motion for service of process at government expense (Doc. 3) is hereby **GRANTED**.

### Disposition

Plaintiff request for a temporary restraining order (Doc. 1, p. 7) is hereby **DENIED** without prejudice.

The **CLERK** is **DIRECTED** to add Plaintiff's motion for preliminary injunction as a separate docket entry in CM/ECF.

**IT IS HEREBY ORDERED** that all individual capacity claims against

Defendant **WARDEN** are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that **COUNT 2** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS ALSO ORDERED** that as to the medical negligence (i.e., medical malpractice) claim in **COUNT 2** against Defendants **SANTOS** and **SHICKER**, Plaintiff shall file the required affidavit pursuant to 735 ILL. COMP. STAT. § 5/2-622, within 35 days of this order **(on or before March 2, 2015).**  Further, Plaintiff shall timely file the required written report of a qualified health professional, in compliance with § 5/2-622.  Should Plaintiff fail to timely file the required affidavit or report, **COUNT 2** shall be dismissed with prejudice.

**IT IS HEREBY ORDERED** that as to **COUNT 1**, the Clerk is directed to complete, on Plaintiff's behalf, a summons and form USM-285 for service of process on Defendants **VENERIO SANTOS, LOUIS SHICKER,** and **CENTRALIA CORRECTIONAL CENTER'S CURRENT WARDEN**.  The Clerk shall issue the completed summons, and prepare a service packet for each Defendant consisting of: the completed summons, the completed form USM-285, a copy of the complaint (Doc. 1), and this memorandum and order. The Clerk shall deliver the service packets for each Defendant to the United States Marshal Service for personal service on each Defendant.

Pursuant to Federal Rule of Civil Procedure 4, **within 14 days of the date of this Order (on or before February 9, 2015),** the United States Marshals Service **SHALL personally serve** upon Defendants **SANTOS, SHICKER,** and **CENTRALIA'S WARDEN**: the service packets containing the summons, form USM-285, a copy of the complaint (Doc. 1), and this memorandum and order.  All costs of service shall be advanced by the United States, and the Clerk shall provide all necessary materials and copies to the United States Marshals Service.

The Court will not require Defendants to pay the full costs of formal service, as the Court is ordering personal service to expedite the resolution of Plaintiff's motion for preliminary injunctive relief.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a **United States Magistrate Judge** for further pre-trial proceedings, including resolution of Plaintiff's request for a preliminary injunction as soon as practicable, to include a report and recommendation.  If it becomes apparent that further action is necessary, the undersigned Judge should be notified immediately.  Further, this entire matter shall be **REFERRED** to a **United States Magistrate Judge** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

   **IT IS SO ORDERED.**

   **DATED: January 23, 2015**

<u>*s/J. Phil Gilbert*</u>
**U.S. District Judge**