IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| WILLIE DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:15-cv-55-JPG-DGW |
| | ) | |
| VENERIO SANTOS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court is the Motion to Withdraw filed by Attorney Eric A. Todd (Doc. 44). Pursuant to an Order of this Court, Eric A. Todd was recruited to represent Plaintiff, Willie Davis, in this matter. Attorney Todd has filed a motion asking the Court recruit other counsel in this matter due to a conflict, as his firm, Ogletree Deakins represents Wexford Health Sources, Inc., which employed Defendant Santos during the period at issue in this matter. The Court held a hearing on the Motion to Withdraw on December 17, 2015. Based on the representations made by Attorney Todd at the hearing and in his Motion, the Court hereby **GRANTS** Attorney Todd's Motion to Withdraw (Doc. 44). Attorney Eric A. Todd is hereby terminated from this action. However, the Court's previous finding that the circumstances presented in this case warrant recruitment of counsel has remain unchanged. Accordingly, it is necessary to recruit Plaintiff another attorney to represent him in this matter.

Based on the foregoing, the Court **RECRUITS** Attorney Dean M. Athans of the law firm Wilson Elser Moskowitz Edelman & Dicker LLP to represent Plaintiff for all further proceedings.[1]

---

[1] The Local Rules of the Southern District of Illinois direct that every member of the bar of this

Attorney Athans shall enter his appearance on or before **January 19, 2016**.

Plaintiff is cautioned to consult with his counsel in this matter and to understand that it is Attorney Dean Athans who is the legal professional in this relationship. Without commenting on the validity of the matter in litigation, counsel is reminded and Plaintiff is advised that counsel, even though appointed by the Court, has an obligation under the rules to refrain from filing frivolous pleadings. As a consequence, counsel will likely, from time to time, advise Plaintiff against taking a certain course of action. While Plaintiff may not totally agree with counsel's advice, he should realize that, in the long run, such advice will be in his best interest because it is in compliance with the law. Also, counsel may advise Plaintiff to pursue additional claims or to abandon certain existing claims.

Counsel, of course, maintains an ethical obligation to fully and vigorously represent his client, but only to the extent that it does not impede his ethical obligation to follow the rules of the Court and the law. If Plaintiff wants to be represented by counsel, he will have to cooperate fully with counsel. **The Court will not accept any filings from Plaintiff individually while he is represented by counsel**, except a pleading that asks that he be allowed to have counsel withdraw from representation. If counsel is allowed to withdraw at the request of Plaintiff, it is unlikely the Court will appoint other counsel to represent him.

Because Plaintiff is proceeding *in forma pauperis*, if there is a monetary recovery in this case (either by verdict or settlement), **any unpaid out-of-pocket costs must be paid from the proceeds**. *See* SDIL-LR 3.1(c)(1). If there is no recovery in the case (or the costs exceed any recovery), the Court has the discretion reimburse expenses. The funds available for this purpose

---

Court "shall be available for appointment by the Court to represent or assist in the representation of those who cannot afford to hire an attorney." SDIL-LR 83.1(i).

are limited, and counsel should use the utmost care when incurring out-of-pocket costs. In no event will funds be reimbursed if the expenditure is found to be without a proper basis. The Court has no authority to pay attorney's fees in this case. **Counsel is encouraged to enter into a fee contract with Plaintiff to address both the payment of attorney's fees and costs should Plaintiff prevail**.

Finally, counsel is informed that Plaintiff is currently incarcerated by the Illinois Department of Corrections at Centralia Correctional Center in Centralia, Illinois. Information about the facility is available at www.idoc.state.il.us. Counsel may use the Illinois Department of Corrections' videoconferencing system to confer with Plaintiff. The Court asks the Assistant Attorney General assigned to this case to facilitate those arrangements.

This matter is **SET** for a telephonic status conference on **January 29, 2016 at 2:00 p.m.** Counsel for Defendant Shicker to initiate the conference call. The Court's conference number is 618-482-9004. The parties should be prepared to discuss the schedule in this matter.

The Clerk of Court is **DIRECTED** to send a copy of this Order and the standard letter concerning appointment of counsel to Attorney Athans immediately.

**IT IS SO ORDERED.**

**DATED: January 6, 2016**

DONALD G. WILKERSON
United States Magistrate Judge