IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

WILLIE DAVIS,                                    )
                                                 )
        Plaintiff,                               )
                                                 )
        v.                                       )          Case No. 3:15-cv-55-JPG-DGW
                                                 )
VENERIO SANTOS, LOUIS SHICKER, and               )
WARDEN OF CENTRALIA                              )
CORRECTIONAL CENTER                              )
                                                 )
        Defendant.                               )

## REPORT AND RECOMMENDATION

**WILKERSON, Magistrate Judge:**

        This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by

United States District Judge J. Phil Gilbert pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of

Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on Defendants

Thomas Austin and Louis Shicker's Motion for Summary Judgment on the Issue of Qualified

Immunity (Doc. 39) .   For the reasons set forth below, it is **RECOMMENDED** that the Motion

be **DENIED**, and that the Court adopt the following findings of fact and conclusions of law.

### FINDINGS OF FACT

        Plaintiff Willie Davis, an inmate in the custody of the Illinois Department of Corrections

("IDOC"), brings this action pursuant to 42 U.S.C. §1983 alleging his constitutional rights were

violated while he was incarcerated at Centralia Correctional Center ("Centralia").   Specifically,

Plaintiff is proceeding on a deliberate indifference claim against Defendants Dr. Santos and Dr.

Shicker for their alleged failure to adequately treat Plaintiff's avascular femoral necrosis.   The

Warden of Centralia, Thomas Austin, was named as a defendant in this matter in his official

capacity only for purposes of carrying out any injunctive relief (Doc. 5, pp. 4-5).

In his Complaint's request for relief, Plaintiff sought a temporary restraining order ("TRO") and/or preliminary injunction compelling the Centralia Warden to send Plaintiff to an outside hospital for hip replacement surgery.   District Judge J. Phil Gilbert denied Plaintiff's request for a TRO and referred Plaintiff's request for a preliminary injunction to the undersigned (Doc. 5, p. 7).   After being fully briefed (*see* Docs. 27 and 28), this Court issued a report and recommendation recommending that Plaintiff's request for preliminary injunction be denied (Doc. 31).   Judge Gilbert adopted the report and recommendation in its entirety and Plaintiff's motion was denied (Doc. 37).

Following the entry of Judge Gilbert's Order, Defendants Austin and Shicker filed a motion for summary judgment on the issue of qualified immunity (Doc. 39).   Citing to Plaintiff's complaint and the undersigned's report and recommendation, Defendants assert that there is no evidence that they violated Plaintiff's clearly established constitutional rights.   Mainly, Defendant Shicker contends that the course of treatment he prescribed to address Plaintiff's medical condition was adequate and his medical decisions regarding Plaintiff's treatment does not rise to deliberate indifference.   Plaintiff did not file a response to Defendants' motion.

## CONCLUSIONS OF LAW

Generally, government officials are protected from civil liability when performing discretionary functions under the doctrine of qualified immunity so long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."   *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *see also Alvarado v. Litscher*, 267 F.3d 648, 652 (7th Cir. 2001).   Thus, in order to evaluate a claim of qualified immunity, the Court

engages in a two-step analysis.  First, the Court considers whether plaintiff's claim states a violation of his constitutional rights.  Then, the Court determines whether those rights were clearly established at the time the violation occurred.  *Jacobs*, 215 F.3d at 766.  For a constitutional right to be clearly established, its contours "must be sufficiently clear that a reasonable official would understand that what he is doing violates that right."  *Estate of Escobedo v. Bender*, 600 F.3d 770, 779 (7th Cir. 2010) (quoting *Hope v. Pelzer*, 536 U.S. 730, 739 (2002)).  The unlawfulness of a particular official's action must be apparent "in light of the pre-existing law."  *Id.*  A party may demonstrate that a right was clearly established by presenting a closely analogous case establishing the defendant's conduct was unconstitutional or by presenting evidence the defendant's conduct was so patently violative of the constitutional right that reasonable officials would know without guidance from a court.  *See Hope*, 536 U.S. at 739-40.

At the outset, the Court notes that Defendant Austin's assertion of qualified immunity is without merit as it is well settled that the defense of qualified immunity is applicable only in *individual capacity* suits.  *Stevens v. Umsted*, 131 F.3d 697, (7th Cir. 1997) (citing *Kentucky v. Graham*, 473 U.S. 159, 166-67 (1985)) (other citation omitted).  As Defendant Austin, the Warden of Centralia, was named a defendant in this lawsuit only in his official capacity for purposes of carrying out any necessary injunctive relief, the Court recommends that the motion for summary judgment be denied as to this Defendant.

With regard to Defendant Shicker, the Court finds that the Eighth Amendment's prohibition against deliberate indifference to a prisoner's medical needs has been clearly established since the Supreme Court's 1976 decision in *Estelle v. Gamble*, 429 U.S. 97 (1976); *see*

*Walker v. Shansky*, 28 F.3d 666, 670 (7th Cir. 1994).   Importantly, Defendant seems to concede that Plaintiff had a clearly established constitutional right and instead argues that "no cases exist that would clearly establish that Defendant Shicker violated Plaintiff's constitutional rights" (Doc. 40, p. 4).   Accordingly, the crux of Defendant's argument is that his treatment regimen was outside the realm of deliberate indifference in that Plaintiff received consultations with outside specialists to evaluate the possibility of hip surgery, as well as a concurrent regimen of conservative treatment to address the same.   Defendant is, in effect, asking the Court to blend together its analysis of whether there is a genuine issue of material fact with respect to Plaintiff's claim against him and whether Defendant is entitled to qualified immunity.   Although a court may undertake such an analysis under certain circumstances, the Court does not find it appropriate here based on the limited record.   *See Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir. 2002) (citation omitted).   Importantly, Defendant Shicker bases the entirety of his argument on allegations set forth in Plaintiff's complaint and facts set forth in the undersigned's report and recommendation on Plaintiff's motion for preliminary injunction.   While the Court acknowledges that the facts delineated in its report and recommendation were ascertained after reviewing the briefs and evidence submitted by the parties, said was not necessarily complete, as the scheduling order directing discovery in this matter was not entered until *after* the briefs in opposition to Plaintiff's motion were filed.   Accordingly, there is not sufficient evidence before the Court to find that Defendant Shicker did not act with deliberate indifference to Plaintiff's medical condition and is therefore entitled to qualified immunity.   For these reasons, the Court recommends that that the motion for summary judgment on the issue of qualified immunity also be denied as to Defendant Shicker.

R<small>ECOMMENDATIONS</small>

For the foregoing reasons, it is **RECOMMENDED** that Defendant Austin and Shicker's Motion for Summary Judgment on the Issue of Qualified Immunity (Doc. 39) be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto.   The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals.   *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: March 4, 2016**

**DONALD G. WILKERSON**
**United States Magistrate Judge**